UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DANIELS,<br><br>             Plaintiff,<br><br>vs.<br><br>S. REED, Chief Deputy Warden, *et al.*,<br><br>             Defendants. | Case No. 1:13-cv-00416-RRB<br><br>**ORDER DISMISSING**<br>**FIRST AMENDED COMPLAINT** |

Curtis Daniels, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983.[1] Daniels' Complaint arises out of his incarceration by the California Department of Corrections and Rehabilitation ("CDCR") at the California Correctional Institute, Techachapi ("CCI"). In initially screening the Complaint this Court dismissed it, but granted Daniels leave to file an amended complaint addressing a single issue: whether Daniels' validation as a gang member was supported by some evidence.[2] Pending before the Court is the First Amended Complaint filed by Daniels.[3]

---

[1] In addition to S. Reed, the Chief Deputy Warden, Daniels named: P. Matzen (Facility Captain), T. Haak (Facility Lieutenant), M. Dailo (Correctional Lieutenant), B. Skaggs (Correctional Lieutenant), B. Wedertz (Correctional Sergeant); M. Wurtz (Correctional Officer); G. Eberle (Correctional Officer), T. Turmezl (Institutional Gang Investigator); I. Alomari (Appeals Coordinator); K. Sampson (Appeals Coordinator); the Warden, CCI; the Director, CDCR; and Does 1 to 25.

[2] Docket 10.

[3] Docket 13. In addition to S. Reed, Chief Deputy Warden, Daniels has named: J. Jones (Correctional Lieutenant); J. Peterson (Correctional Lieutenant); T. Turmezi

I.     SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[5] Likewise, a prisoner must exhaust all administrative remedies as may be available,[6] irrespective of whether those administrative remedies provide for monetary relief.[7]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8]

---

(Correctional Officer); D. Jakabosky (Chair, OCS/SSU); B. Kingston (OCS/SSU Reviewer); D. McClure (OCS/SSU Member); P. Matzen (Correctional Captain); T. Haak (Correctional Lieutenant); M. Dailo (Correctional Lieutenant); B. Werdetz (Correctional Sergeant); M. Wurtz (Correctional Officer); K. Sampson (Appeals Coordinator); I. Alomari (Appeals Coordinator); and Does 1 – 10.

[4]  28 U.S.C. § 1915A(a).

[5]  28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[6]  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[7]  *See Booth*, 532 U.S. at 734.

[8]  Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[10]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[11] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[13] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14]

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[10] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[11] *Iqbal*, 556 U.S. at 678–69; see *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[12] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[13] *Id.*

[14] *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II.   GRAVAMEN OF COMPLAINT

Daniels' 34-page First Amended Complaint consists of 19 pages (105 paragraphs) of factual allegations.  Based upon those factual allegation, Daniels asserts six claims for relief.

<u>First Claim for Relief</u>:  Retaliation.

<u>Second Claim for Relief</u>:  Denial of access to the courts.

<u>Third Claim for Relief</u>:  Violation of the Eighth Amendment by confinement in the Special Housing Unit ("SHU").

<u>Fourth Claim for Relief</u>:  Violation of the Fourteenth Amendment due process clause.

<u>Fifth Claim for Relief</u>:  Violation of the Fourteenth Amendment equal protection clause.

<u>Sixth Claim for Relief</u>:  Failure to properly train and supervise.

Daniels asks for:  (1) a preliminary and permanent inunction prohibiting retaliation; (2) unspecified declaratory relief; (3) compensatory damages as determined by the jury; (4) punitive damages; and (5) costs of suit.

## III.   DISCUSSION

Initially, this Court notes that the First Amended Complaint does not comply with the Dismissal Order to the extent it granted Daniels leave to amend, i.e., his classification as a gang member. Indeed, Daniels appears to attempt to solely resurrect, at least in part, those claims for which leave to amend was specifically denied.  In his First Amended Complaint Daniels cryptically refers to his classification in two places: the body of the complaint and in his prayer for relief. In the body of the First Amended Complaint Daniels alleges: "Without due

process, any RVR 115 disciplinary for gang activity I was validated as a prison gang associated and confined in SHU."[15] He further alleges:

> Upon completion of my R.V.R. 115 hearing and even after all the overwhelming evidence I proved [sic] relevant in exposing the true motivation behind these false allegations brought against me by c/o Wurtz and Sgt. Wedertz, Lieutenant Dailo finds me guilty and says "that, what's going on is out of his hands. But if I can beat my validation first, then he could have this 115 RVR dismissed, but for now Im [sic] guilty.["][16]

As relevant to his classification as a gang member, in his prayer for relief for violation of his First Amendment rights Daniels alleges that "Defendant Turmezi is the author of all the alleged gang activity chronos . . . ."[17] In describing "Previous Lawsuits & Administrative Relief" Daniels alleges:

> 3) Pertaining to issues of validation, though Im still waiting as of the day this mailed for my six-year & D.R.B., nothing has changed to my knowledge. All of the new rules & guidelines of validation have yet been implemented.[18]

Also, conspicuously absent from incorporation in the First Amended Complaint is the Second Level Appeal Response addressing Daniels' gang-membership classification that was incorporated in the Complaint.[19]

---

[15]  First Amended Complaint, Docket 13, p. 8, ¶ 24.

[16]  *Id.*, p. 14, ¶ 55.  In context, this reference is in connection with the disciplinary proceeding resulting from Daniels' refusal to accept another inmate as cell-mate, not Daniels' gang-related classification itself.

[17]  Id., p. 26.

[18]  *Id.,* p. 33.

[19]  Complaint, Docket 1, pp. 53–54.

In this case it clearly appears that Daniels has blatantly disregarded the clear, explicit instructions given by the Court in its Dismissal Order, i.e., by failing to challenge his classification, Daniels has effectively abandoned the one claim upon which he was granted leave to amend. It also appears that, as to the one claim to which this Court permitted Daniels to proceed, classification as a gang member, that action is more likely than not barred by the applicable limitation period. The Complaint is dated March 18, 2013, its deemed filing date. The Second Level Appeal Response incorporated into the Complaint, but omitted from the Amended Complaint, indicates that Daniels was validated as a gang member on February 17, 2009, 49 months earlier.[20] "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[21] The applicable limitation period for filing his complaint under California law is four years.[22] Thus, Daniels was a month late in initiating this action.

The futility in permitting Daniels to continue to pursue this action with respect to his challenge to his classification is that Daniels contends that the information relied upon was

---

[20] Complaint, Docket 1, p. 53.

[21] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[22] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners).

false, not that it was inadequate. In a civil rights action, this Court may not independently assess the credibility of the witnesses.[23]

## IV.   CONCLUSION/ORDER

Daniels' First Amended Complaint suffers from three deficiencies. First, Daniels has effectively abandoned the claim for which he was granted leave to amend, i.e., validation as a gang member. Second, it is apparent from the record that any challenge to Daniels' validation as a gang member is more likely than not barred by the applicable limitation period. Third, to the extent that Daniels has challenged his validation as a gang member, his allegation that it was based upon false evidence is not cognizable in this Court in a civil rights action in any event.

Accordingly, because it does not appear that Daniels may truthfully allege facts warranting the granting of any relief by this Court, the First Amended Complaint herein is hereby **DISMISSED** without leave to amend.[24]

For the reason stated in the initial Dismissal Order,[25] to the extent that Daniels challenges the Rules Violation Report, it is **DISMISSED** without prejudice to bringing that claim in a *habeas corpus* proceeding under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, as appropriate.

---

[23]   *See Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013); *see also Dorrough v. Ruff*, 552 Fed. Appx. 728, 729 (9th Cir. 2014) (unpublished) (applying *Castro*).

[24]   *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[25]   Docket 10.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal would be frivolous or taken in bad faith.[26] Therefore, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 8th day of January, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[26] 28 U.S.C. § 1915(a)(3); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).